THE PEOPLE OF THE STATE OF NEW YORK ex rel. LLOYD RUBIN, Appellant, v. BLAKELY F. WEBSTER, as Superintendent of Dannemora State Hospital, Dannemora, New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

## (March 11, 1942.)

In the Matter of the Application of DELLWOOD DAIRY CO., INC., Petitioner, to Review a Determination Made by HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of JOHN BROOKE, Respondent, against STARRETT BROTHERS & EKEN, INC., and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and carrier. Claimant, a bricklayer by occupation, has received an award on account of disability occasioned by the occupational disease dermatitis venenata. He became disabled on February 8, 1940, while in the employ of the appellant employer. The award is for total disability from March 1 to May 10, 1940, and for partial disability from the latter date to October twenty-third. Appellants admit liability to the last-mentioned date. The decision also awards compensation for total disability from October 28, 1940, to January 27, 1941, and for partial disability from the latter date to May fifteenth. Appellants disclaim liability therefor and argue that the award should be against an employer, Joseph Eckert, and The Hartford Accident and Indemnity Company, insurance carrier. The facts are that claimant did not take employment as a bricklayer after February, 1940, until October twenty-third when the hearing referee and appellants' doctors urged that he take up his former occupation of bricklaying. This he did, being employed by Eckert. He worked eight hours on the first day, a like time on the following day, and after six hours on October twenty-fifth the dermatitis recurred. There is medical testimony to sustain the finding that it was a recurrence of the disease which commenced in February, 1940, and not a new attack. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.